IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs July 25, 2017 at Knoxville

## STATE OFTENNESSEE v. DARRYL ROBINSON

**Appeal from the Criminal Court for Shelby County**
No. 14-00511       Glenn Wright, Judge

_____

## No. W2016-01803-CCA-R3-CD

_____

The Defendant, Darryl Robinson, was convicted by a Shelby County Criminal Court jury of aggravated robbery, a Class B felony, and there is a question as to whether his second conviction was for possession of a firearm by one previously convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon, a Class C felony, or a felon in possession of a handgun, a Class E felony. The trial court sentenced him to an effective term of sixteen years in the Tennessee Department of Correction. On appeal, the Defendant argues that: (1) the evidence is insufficient to support his conviction for aggravated robbery; and (2) a witness's reference to him by his nickname, "Trigger Man," was prejudicially erroneous. He also raises a number of issues concerning his conviction for convicted felon in possession of a firearm or handgun. After review, we affirm the convictions for aggravated robbery and convicted felon in possession of a handgun but remand for resentencing on the convicted felon in possession of a handgun conviction.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Affirmed and Remanded for Resentencing**

ALAN E. GLENN, J., delivered the opinion of the court, in which ROBERT H. MONTGOMERY, JR., and J. ROSS DYER, JJ., joined.

Stephen C. Bush, District Public Defender; Phyllis L. Aluko (on appeal) and Jim N. Hale, Jr. (at trial), Assistant Public Defenders, for the appellant, Darryl Robinson.

Herbert H. Slatery III, Attorney General and Reporter; David H. Findley, Senior Counsel; Amy P. Weirich, District Attorney General; and Carla L. Taylor, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

# FACTS

The Defendant was indicted for aggravated robbery and possession of a firearm by one previously convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon arising out of an encounter he and Demetrius Davison had with the victim, Thomas Wright, on May 14, 2013.

At trial, the victim testified that he was robbed by the Defendant and Demetrius Davison on May 14, 2013. He said that he and the Defendant had a disagreement prior to that day. On that day, the victim left his house and started walking to a friend's house nearby. He saw the Defendant and Mr. Davison exiting a house, and the men called for him, but he kept walking. The men caught up with the victim, the Defendant told the victim that he had just gotten married, and the victim offered congratulations. However, the Defendant then told Mr. Davison "to go in [the victim's] pocket." The victim shoved Mr. Davison to get him to back off, and the Defendant pulled out a black .32 caliber revolver and pointed it at him. The victim feared for his life and gave the Defendant everything from his pockets, including $900 in cash, his phone, and his wallet. The victim denied having any marijuana.

The victim testified that the Defendant then told him to pull down his pants and walk behind him and Mr. Davison towards the community center. As they walked, the victim saw his girlfriend, Glenda Jones, and her brother approaching him. He ran towards them and asked to use Ms. Jones's phone because he had just been robbed, while the Defendant and Mr. Davison ran off. The victim believed that, from Ms. Jones's point of view, she would not have been able to see what had happened between him and the Defendant and Mr. Davison. The victim called the police and waited by the community center. The victim denied seeing the two men get into a blue Dodge Durango immediately after the robbery, explaining that he saw the men drive past him in a blue Durango about twenty minutes later as he was talking to the police.

Officer John Canter with the Memphis Police Department testified that he responded to the robbery call in this case. The victim provided the names of the suspects, both of whom he knew from the neighborhood. Officer Canter recalled the victim's telling him that the suspects left in a blue Dodge Durango, but he did not recall the victim ever mentioning that he saw the Defendant drive by while they were talking. Officer Canter did not remember if the victim told him that the suspects made the victim pull down his pants. Officer Canter recalled the victim's telling him that the suspects took $900 from him but did not recall him mentioning a cell phone or wallet.

- 2 -

Demetrius Davison, who was seventeen or eighteen years old at the time of the incident, stated that the Defendant, who was thirty-six or thirty-seven, was married to Mr. Davison's aunt. Mr. Davison stated that he and the Defendant were outside his aunt's house washing a car when the Defendant said that he saw the victim and told Mr. Davison to come with him to "buy some weed" from the victim. Mr. Davison recalled that the Defendant also said that he was going to rob the victim. When the victim pulled the marijuana from his pocket to sell to the Defendant, the Defendant brandished a black .32 caliber gun, pointed it at the victim, and demanded the victim to "give [him] everything." The Defendant told Mr. Davison to go through the victim's pockets, but the victim pushed him away. However, because a gun was pointed at him, the victim turned over his money, marijuana, and phone. Mr. Davison recalled that the Defendant told the victim to pull his pants down before he "pulled the gun and got the money off [the victim]." Mr. Davison did not see the victim with a wallet. Mr. Davison said that he was afraid of the Defendant, did not want to rob anyone, and did not receive any proceeds from the robbery.

Mr. Davison testified that he was arrested about a week later and gave a statement to the police. He said that he was not promised anything for his testimony but admitted that there were no charges pending against him in the matter because the victim did not appear at the preliminary hearing. Mr. Davison admitted that he talked to the police for more than an hour before giving his statement, but he denied that his statement simply repeated what he had been told by the police. Mr. Davison stated that the amount of money taken from the victim did not appear to be $900 and admitted that he told the police that he believed only $10 was stolen.

After the proof, the jury returned a verdict in the first count of guilty of aggravated robbery. For purposes of the convicted felon in possession of a firearm count of the indictment, the State and the Defendant stipulated that the Defendant had a prior conviction for aggravated assault. The State then read Count 2 of the indictment and the stipulation to the jury. The trial court orally charged the jury that it had the choice between two verdicts: it could find the Defendant guilty or not guilty of "convicted felon in possession of a firearm." The jury returned a verdict of guilty on Count 2, utilizing the printed verdict form provided by the court. The jury checked the box that stated: "We, the jury, find the [D]efendant guilty of convicted felon in possession of a handgun as charged in count 2 of Indictment Number 14-00511."

## ANALYSIS

### I. Sufficiency – Aggravated Robbery

The Defendant challenges the sufficiency of the evidence convicting him of aggravated robbery. He asserts that there was contradictory proof as to whether the taking of the victim's property occurred "by use of a gun" as required by the statute or, instead, "prior to the display of the gun."

In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992).

All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 405 S.W.2d 768, 771 (Tenn. 1966) (citing Carroll v. State, 370 S.W.2d 523, 527 (Tenn. 1963)). "A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal a convicted defendant has the burden of demonstrating that the evidence is insufficient." State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

For the purposes of this case, aggravated robbery is defined as "the intentional or knowing theft of property from the person of another by violence or putting the person in fear" that is "[a]ccomplished with a deadly weapon or by display of any article used or fashioned to lead the victim to reasonably believe it to be a deadly weapon[.]"  Tenn. Code Ann. §§ 39-13-401(a), -402.

The Defendant asserts that there was conflicting proof about when the victim's pants were pulled down and that conflict affects the timing of when the victim turned over his property to the Defendant; the timing of when the victim turned over his property raises questions concerning when exactly the Defendant pulled a gun on the victim; and when the Defendant pulled a gun on the victim affects whether the victim's property was taken by use of a deadly weapon or not.  We have reviewed the testimony in detail and note that it is not nearly as inconsistent as alleged by the Defendant regarding when the victim's pants were pulled down.  Regardless, "inconsistencies or inaccuracies may make the witness a less credible witness, [but] the jury's verdict will not be disturbed unless the inaccuracies or inconsistencies are so improbable or unsatisfactory as to create a reasonable doubt of the [defendant]'s guilt."  State v. Radley, 29 S.W.3d 532, 537 (Tenn. Crim. App. 1999).  Moreover, it makes little difference to the outcome as to when the victim's pants were pulled down because the victim clearly testified that the only reason he turned over his wallet, phone, and cash to the Defendant was because the Defendant pulled a gun on him.  Thus, in the light most favorable to the State, a rational trier of fact could have found that the Defendant committed aggravated robbery.

## II.  Reference to Nickname

The Defendant argues that Demetrius Davison's reference to him by his nickname, "Trigger Man," was prejudicially erroneous.

Prior to trial, the Defendant moved to prevent Mr. Davison from using the Defendant's nickname of "Trigger Man" during his testimony, arguing that the nickname was "highly prejudicial."  The State argued that Mr. Davidson only knew the Defendant by the nickname until the initiation of the case.  The trial court informed the State to have its witnesses refrain from using the Defendant's nickname.  However, during the course of his testimony, Mr. Davison used the Defendant's nickname four times.  Acknowledging that he did not lodge an objection, request a curative instruction, or raise the issue in his motion for new trial, the Defendant asserts that the reference to his nickname justifies plain error relief.

In order for us to find plain error: (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the

accused did not waive the issue for tactical reasons; and (e) consideration of the error is "'necessary to do substantial justice.'" State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The presence of all five factors must be established by the record before we will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one factor cannot be established. Id. at 283.

The record shows that Mr. Davison's testimony spanned thirty pages of trial transcript. During his direct testimony, Mr. Davison used the Defendant's actual name several times but twice used the Defendant's nickname. The defense did not object to the two occurrences, and the State did not request a sidebar to admonish the witness; however, the State appeared to make a point of repeatedly using the Defendant's full name throughout its questioning of Mr. Davison as a gentle reminder to not use the nickname. When Mr. Davison relayed in detail the sequence of events leading up to and including the robbery, he used the Defendant's actual name. During cross-examination, Mr. Davison used the Defendant's nickname two more times. The first time, Mr. Davison started with the nickname "Trigger," but then appeared to catch himself and used the Defendant's actual name. The second reference occurred in the same way, with Mr. Davison first using the nickname and then correcting himself and using the actual name.

We discern no plain error in this case because there was no breach of a clear and unequivocal rule of law, it is not clear that the Defendant did not waive the issue for tactical reasons, and consideration of the issue is not necessary to do substantial justice. First, although, "[n]icknames should generally be avoided," State v. Zirkle, 910 S.W.2d 874, 886 (Tenn. 1995), there is no outright prohibition against the use of nicknames. Second, it is possible that the Defendant chose to withhold his objection to the few instances when his nickname was used because Mr. Davison quickly corrected himself and most often used the Defendant's real name, and objecting would have drawn attention to the response. Third, the use of the Defendant's nickname was limited and quickly corrected such that it did not saturate the trial to the extent that it had any effect on the jury's verdict. The Defendant is not entitled to plain error relief on this issue.

**III. Issues Concerning Convicted Felon in Possession of a Firearm Conviction**

The Defendant's remaining issues involve his conviction in Count 2 of the indictment for possession of a firearm by one previously convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon or convicted felon in possession of a handgun. The indictment reads as follows:

[O]n May 14, 2013 in Shelby County, Tennessee, and before the finding of this indictment, [the Defendant] did unlawfully and knowingly possess a firearm, having been convicted of Aggravated Assault, a felony, involving the use or attempted use of a deadly weapon, on February 24, 2000, in Division 5 of Criminal Court of Shelby County, Tennessee, under docket number 99-05649 and Aggravated Assault, a felony, involving the use or attempted use of a deadly weapon, on February 24, 2000, in Division 5 of Criminal Court of Shelby County, Tennessee, under docket number 99-05650 and Aggravated Assault, a felony, involving the use or attempted use of a deadly weapon, on February 24, 2000, in Division 5 of Criminal Court of Shelby County, Tennessee, under docket number 99-05651, in violation of T.C.A. [§] 39-17-1307, against the peace and dignity of the State of Tennessee.

The record shows that the trial court conducted a bifurcated trial in which the jury considered the possession of a firearm charge after it found the Defendant guilty of aggravated robbery in Count 1. The following proceedings transpired between the trial court, the State, and defense counsel regarding the bifurcated trial:

THE COURT: Okay, jury is out. Is this a bifurcated?

[THE STATE]: Yes. What is the second charge?

[THE STATE]: Convicted felon in possession of a firearm.

THE COURT: Do you have proof you want to put on or is there a stipulation or what do y'all want to do?

[THE STATE]: Hadn't discussed that.

THE COURT: Y'all want to agree to see if y'all can stipulate or just tell me what y'all want to do?

. . . .

[THE STATE]: We wanted to stipulate. He has four felonies but stipulate on one of them.

. . . .

[THE STATE]: Stipulate on one of them. We didn't know if you want us to do a written stipulation or oral, how do you want to go about it?

THE COURT: Y'all agree to stipulate to what though?

. . . .

[DEFENSE COUNSEL]: He has an aggravated assault on his record.

THE COURT: I thought the charge was he's a – what's the second charge?

[THE STATE]: Convicted felon in possession of a firearm.

[DEFENSE COUNSEL]: Okay, you got to prove he's –

THE COURT: You want to stipulate that he has a felony of aggravated assault?

[THE STATE]: Yes.

THE COURT: Okay.

[DEFENSE COUNSEL]: My client is not opposed to that sentence. He had it and –

[THE STATE]: Your Honor, he has other felonies but that's –

THE COURT: Okay. And is that sufficient for you?

[THE STATE]: Yes.

THE COURT: Okay. So the procedure that we will follow then, we'll bring the jury back in and tell them the second stage is to whether he is a convicted felon in possession of a firearm but the parties have stipulated that he is. That they need to go out and –

[THE STATE]: That he is a convicted felon.

THE COURT: Convicted felon but in – convicted felon. And do you plan to offer any other proof than that?

[THE STATE]: I have the judgment sheet that shows that he is a convicted felon and I was going to offer that as an exhibit.

[DEFENSE COUNSEL]: Your Honor, we can stipulate to that and just put in so we have something on the record too. Stipulate to the judgment sheet as well and then we'll let them decide. I won't be making an opening statement.

THE COURT: Well I need the stipulation then. What is the stipulation going to be now?

[THE STATE]: That he is a convicted felon – he is convicted of aggravated assault, a felony.

THE COURT: Okay.

[THE STATE]: And they are stipulating to that. In addition we are putting in proof that he is – of the judgment sheet of the aggravated assault. Just, you know, by stipulation versus –

THE COURT: Okay.

[DEFENSE COUNSEL]: Rather than call the clerk, I mean, don't want to waste the jury's time and you got a docket to run.

THE COURT: Yeah, I'm trying to figure out the best way to handle it. They need to make a finding, though, that he is also guilty of that.

[THE STATE]: I mean, what I've seen before is that when I get up I read the indictment like we normally do. Then . . . I say, you know, you've heard the facts of this case. The second part basically is that you, you know, determine if he's a convicted felon –

THE COURT: Here it is. Here's that second indictment. But where did this come from? What – did you prepare that? Okay.

All right, let me take any announcements and we'll just do that; okay.

[THE STATE]: Okay.

THE COURT: We'll let you . . . read your indictment and then . . . he's going to plead to not guilty and then [the prosecutor is] going to announce the stipulation and then is there going to be any argument?

[DEFENSE COUNSEL]: I'm going to waive my argument.

[THE STATE]: Yes, I'll waive that.

THE COURT: I'm going to ask them to go back and retire and consider whether he's a convicted felon in possession of a firearm. Okay. All right.

[DEFENSE COUNSEL]: That will just make it easier for me and still be appropriate.

. . . .

THE COURT: Bring the jury back in. Are you ready to read your indictment?

The State then read the indictment to the jury and announced that the "State and defense are stipulating that [the Defendant] has previously been convicted of aggravated assault." At this point, the trial court told the jury:

All right, you have heard the proof you're going to hear on the second stage of the case and that's whether or not he is guilty of convicted felony – convicted felon in possession of a *firearm*. Okay.

I want you to go back to the jury room and your verdict is either going to be: We, the jury find the [D]efendant guilty of convicted felon in possession of a *firearm*.

Or, we, the jury, find the [D]efendant not guilty of convicted felon in possession of a *firearm*. Okay.

(emphasis added). The court then provided the jury with a printed verdict form, and the jury retired.

After it deliberated, the jury returned to the courtroom, and the foreperson read the verdict as follows: "We, the jury, find the [D]efendant guilty of convicted felon in possession of a *handgun* as charged in [C]ount 2 of Indictment Number 14-00511." (emphasis added).

- 10 -

Thereafter, the trial court conducted a sentencing hearing where the following exchange occurred:

THE COURT: And then the second [count] is convicted felon in possession of a handgun [C]lass E felony, is that correct?

. . . .

THE COURT: What code section are you referring to [S]tate? The indictment has . . . 13.07?

[THE STATE]: Yes, Your Honor, but he has prior convictions for violence and it was submitted as a C-felony.

THE COURT: Submitted as what now?

[THE STATE]: C, instead of an E. He has prior convictions of violent offenses. 39-17-13.07(c)(d).

The judgment form for Count 2 lists the indicted and convicted offense as "CFPHG," which is presumably convicted felon in possession of a handgun, but indicates that the offense is a Class C felony. The trial court imposed a sentence of ten years for that conviction, an available sentence for a Class C felony.

The distinction in phraseology is an issue because the statute on which the indictment is based, Tennessee Code Annotated section 39-17-1307, differentiates between "firearm" and "handgun." The indicted offense falls under section 39-17-1307(b)(1)(A), which states: "A person commits an offense who unlawfully possesses a firearm, as defined in § 39-11-106, and . . . [h]as been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon[.]" At that time, a conviction under this subsection was a Class C felony. Id. § 39-17-1307(b)(2) (2015). However, the statute further provides: "A person commits an offense who possesses a handgun and has been convicted of a felony." Id. § 39-17-1307(c)(1). An offense under this subsection is a Class E felony. Id. § 13-17-1307(c)(2). We highlight that the Class C felony offense requires that the prior felony involved "the use or attempted use of force, violence, or a deadly weapon," id. § 39-17-1307(b)(1)(A), but the Class E felony offense only requires a prior felony conviction of any kind. Id. § 39-17-1307(c)(1).

It is upon this backdrop that the Defendant raises these issues: the failure to redact the additional prior felony convictions from Count 2 of the indictment was error because

- 11 -

the defense stipulated to the existence of one prior felony conviction; the trial judge erred in failing to instruct the jury on the essential elements of the charge of convicted felon in possession of a firearm and issue written instructions on the charge; the evidence is insufficient to support a conviction for convicted felon in possession of a firearm or convicted felon in possession of a handgun; and he was improperly sentenced for the Class C felony offense of convicted felon in possession of a firearm when the jury returned a verdict for the Class E felony offense of convicted felon in possession of a handgun.

## A.  Redaction of Indictment

The Defendant argues that the trial court erred in failing to redact Count 2 of the indictment because it listed three prior aggravated assault convictions to establish his status as a convicted felon, and he stipulated to one prior aggravated assault conviction for such purpose.  The Defendant did not raise an objection, request redaction or a limiting instruction, or raise the issue in his motion for new trial, but he asserts that he is entitled to plain error relief.  We conclude that review of this issue is not necessary to do substantial justice.  See Smith, 24 S.W.3d at 282.  At the time the stipulation was read to the jury along with Count 2 of the indictment, the jury had already convicted the Defendant of aggravated robbery.  We conclude that hearing that the Defendant had additional prior aggravated assault convictions could not have possibly affected the jury's determination of whether the Defendant was a convicted felon in possession of a firearm or handgun.

## B.  Jury Instructions

The Defendant argues that the trial court erred in its instructions to the jury regarding Count 2 of the indictment, claiming that the court did not instruct the jury on the elements of convicted felon in possession of a firearm or provide written instructions for it to use during its deliberations.  He asserts that more thorough oral and written instructions would have advised the jury as follows:

> Any person, having been convicted of one of certain specified felonies, who possesses a firearm is guilty of a crime.

> For you to find the defendant guilty of this offense, the state must have proven beyond a reasonable doubt the existence of the following essential elements:

> (1) that the defendant had been convicted of [aggravated assault]; and

(2) that the defendant, after such felony conviction, possessed a firearm; and

(3) that the defendant acted either intentionally, knowingly or recklessly; and

(4) that the felony [involved the use or attempted use of a deadly weapon].

See Tenn. Pattern Jury Instr. 36.05(a). He further asserts that proper jury instructions would have provided the appropriate definitions for "firearm," "possession," "intentionally," "knowingly" and "recklessly," as well as any relevant statutory defenses. Because he did not object at trial or raise the issue in his motion for new trial, the Defendant acknowledges that he would only be entitled to relief under the plain error doctrine. We determine that review of this issue is not necessary to do substantial justice. See Smith, 24 S.W.3d at 282. The trial court provided the jury with sufficient oral instructions. Moreover, by its verdict of guilty of aggravated robbery under the facts of the case, the jury already made the determination that the Defendant possessed a firearm or handgun. The Defendant stipulated that he had a prior conviction for aggravated assault, which was defined during the first phase of the trial as intentionally or knowingly causing another to reasonably fear imminent bodily injury and using or displaying a deadly weapon. The jury could rely on that definition in determining that the Defendant's stipulated aggravated assault conviction satisfied the element that the Defendant had "been convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon[.]" Tenn. Code Ann. § 39-17-1307(b)(1)(A). We note that Rule 30 of the Tennessee Rules of Criminal Procedure requires that jury instructions be reduced to writing, and it was error for written instructions to not be submitted to the jury. However, under the facts of the case, we conclude that plain error relief is not warranted to do substantial justice.

## C. Sufficiency and Sentencing

We will address the Defendant's sufficiency and sentencing challenges together because our analysis hinges on whether the Defendant was actually convicted of possession of a firearm by one previously convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon, Tenn. Code Ann. § 39-17-1307(b)(1)(A), or convicted felon in possession of a handgun. Id. § 39-17-1307(c)(1). Because the verdict form signed by the jury and read in open court states that the jury found the Defendant "guilty of convicted felon in possession of a handgun," we conclude that this is the offense of conviction.

The jury heard proof in the first phase of the trial that the Defendant possessed a gun during the robbery and, by its verdict, obviously accredited that testimony. The parties stipulated that the Defendant had a prior conviction for aggravated assault, and the stipulation was read to the jury. In the light most favorable to the State, the evidence is sufficient to support the Defendant's conviction for convicted felon in possession of a handgun.

Nevertheless, we agree with the Defendant's assertion that the trial court erred in sentencing him for the offense of possession of a firearm by one previously convicted of a felony involving the use or attempted use of force, violence, or a deadly weapon, a Class C felony, when the verdict rendered by the jury was for convicted felon in possession of a handgun, a Class E felony. Therefore, we remand for the Defendant to be resentenced for the Class E felony offense of which the jury convicted him. We note that the language used on the verdict form was possibly a mere oversight as the terms "firearm" and "handgun" are often used interchangeably, so we stress the importance of ensuring that the language used in charges, on the verdict forms, and on the judgments is consistent with the intended language.

## CONCLUSION

Based on the foregoing authorities and reasoning, we affirm the Defendant's convictions for aggravated robbery and convicted felon in possession of a handgun but remand for resentencing on the convicted felon in possession of a handgun conviction.

_____
ALAN E. GLENN, JUDGE

- 14 -